# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| James Buchl and Doren Chatinover, | )<br>) |
| Plaintiffs, | ) **ORDER RE PLAINTIFFS'**<br>) **MOTION FOR RELIEF FROM** |
| vs. | ) **PRIOR ORDERS**<br>) |
| Gascoyne Materials Handling &<br>Recycling, LLC, | )<br>) Case No. 1:17-cv-048<br>) |
| Defendant. | ) |

Before the court are plaintiffs' motions seeking, among other things, (1) relief from the court's progression order so that they may depose defendant's accounting firm, and (2) a modification of the court's prior order with respect to its "attorneys eye only" designation for certain of defendant's accounting information produced during discovery. Defendant opposes the motions.

Plaintiffs argue with respect to the first part of their motion that defendant was not fully responsive to its Fed. R. Civ P. 30(b)(6) deposition notice in that the person designated to respond to the identified areas of inquiry was not able to fully respond—deferring in a number of instances to defendant's outside accountants for responsive information. Defendant argues that it had fully informed plaintiffs that its accountants had discoverable information and that it is too late in the game now for plaintiffs to be able seek fact discovery from them. Defendant also argues that the outside accountants will be defendant's experts and that any deposition of them now is premature under the court's progression order.

While defendant's outside accountants may be designated as expert witnesses, they are also fact witnesses in that they did accounting with respect to a number of matters in dispute. Further, after considering the record evidence submitted in support of plaintiffs' motion, the court concludes

1

that providing relief from the fact-discovery deadline to enable to plaintiffs to obtain from defendant's outside accountants responsive information to the areas of inquiry identified in their Rule 30(b )(6) deposition notice is appropriate.

With respect to that part of plaintiffs' motion seeking relief from the court's prior order permitting both parties to designate certain material as "attorney eyes only," the court concludes that some relief is appropriate in that the court's prior order has made it too difficult for plaintiffs to assist in the prosecution of their case as to certain of defendant's accounting information and that defendant will be adequately protected by its ability to designate that information as "confidential."

Based on the foregoing, plaintiffs' motions for relief from the court's prior orders (Doc. Nos. 101 and 113) are **GRANTED IN PART** as follows:

1. The court grants relief from the its progression order limited to the extent that plaintiffs may depose defendant's outside accountants. However, the areas of inquiry will be limited to those for which prior defendant witnesses were unable to provide information responsive to the Rule 30(b)(6) deposition notice areas of inquiry. The deposition of defendant's accountants shall be completed prior to May 30, 2020. Plaintiffs may subpoena defendant's accountants if necessary but may not seek documents.

2. The court's June 25, 2019 discovery order is modified as follows: Information from defendant's Quickbooks accounting system that defendant represents applies to its GMHR Field Serviced division shall be treated as "confidential" under the court's

prior orders rather than "attorney eyes only."[1] Plaintiffs may not retain possession after the entry of a final non-appealable judgment of defendant's Quickbooks information treated as "confidential" under this and the court's prior orders and must otherwise strictly comply with court's prior orders covering "confidential" information.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2020.

                                        */s/ Charles S. Miller, Jr.*
                                        Charles S. Miller, Jr.
                                        United States Magistrate Judge

---

[1] The court's prior order permitted plaintiffs' forensic experts to inquire of plaintiffs about specific information designated "attorney eyes only" that plaintiffs' experts believe may reasonably relate to the activities of defendant's GMHR Field Services division.. This provision remains in effect for any of defendant's Quickbooks accounting information that defendant claims is not related to its GMHR Field Services Division.